MARSHALL S. PULLIAM AND ANOTHER v. ISSAC B. WEBB AND OTHERS.

*Quære:* Whether, in the absence of a statement of facts, this court ought to revise the question of a refusal of a continuance by the court below?

A second continuance was properly refused when it did not appear from the affidavit therefor, that the witness had been subpœnaed in time to enable him to attend the trial.

Also, where as further cause of continuance, it was alleged in the affidavit that the testimony of another witness had not been discovered until "after the commencement of the present term of the court," and prompt efforts to obtain his attendance were fully set forth, but it did not appear that diligence had been used to "become informed of and to procure his testimony in time for the trial:" *Held*, that a second continuance was properly refused.

ERROR from Dallas. Tried below before the Hon. Nat. M. Burford.

Trespass to try title, brought by plaintiffs in error against defendants in error.

There is no statement of facts in the record. At the July term, 1857, the cause was continued "as on affidavit of plaintiffs." At

the ensuing term of the court, the plaintiffs filed an affidavit for a second continuance, for "want of the testimony of H. C. Marsh and David Shahan." Plaintiffs' affidavit stated that they had had a subpœna issued and served on the witness Marsh, who resided in Dallas, but the date of the issuance or service of the subpœna is not stated. As to the witness Shahan, the affidavit stated that plaintiffs had not discovered his testimony "till some time after the commencement of this present term of the court; that so soon as they were informed of and discovered the materiality of the testimony of said Shahan," they endeavored to procure his attendance by efforts set forth at length in the affidavit; which also showed the materiality of the testimony, and alleged want of time to take it by deposition, "since he had discovered its materiality," the witness being a resident of Denton county. The testimony of this witness, as set forth in the affidavit, would relate to the plea of the statute of limitations, and the affidavit disclosed no efforts on the part of plaintiffs to "become informed of it" in time to procure it at the trial.

The motion of plaintiffs for a second continuance was overruled, and verdict and judgment for defendants.

There were bills of exceptions filed by plaintiffs to instructions both given and refused by the court below, and errors were assigned with reference thereto, as well as to the refusal of the continuance; but as they are not considered in the opinion, on account of the want of a statement of facts, no further notice is taken of them here.

*George W. Guess*, for plaintiffs in error.—Plaintiffs rely confidently upon the case of Prewitt v. Everett, 10 Tex. R., 283, and Hyde v. the State, 16 Tex. R., 445, for the revisal of this judgment. The statute prescribes what shall be sufficient on a first and second application for a continuance; and in the case first above cited, this court decided that if the affidavit contained the requirements of the statute, the court has no discretion, but the continuance must be granted.

*E. P. Nicholson*, for defendants in error.—In the absence of a

statement of facts, this court will presume, in support of the judgment, every thing to have been proved which was susceptible of legal proof under the pleadings. (Curry v. York, 3 Tex. R., 357.)

WHEELER, C. J.—As there is no statement of facts, the only question which can be deemed properly presented by the record for revision, is the refusal of a continuance. And it is questionable whether, in the absence of the evidence, that question ought to be revised by this court. But if properly revisable, we are of opinion that the court did not err in refusing a continuance. It does not appear that the subpœnas were served upon the witnesses Marsh and Shahan, in time to enable them to attend the trial in obedience thereto. As to the witness Shahan, it does not appear by the affidavit that the plaintiffs had used any diligence to become informed of and to procure his testimony in time for the trial. The judgment is affirmed.

Judgment affirmed.